IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY EDWARDS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:17-CV-0705-K-BK |
| | § | |
| SETERUS, INC. | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management. For the reasons detailed herein, this action should be **DISMISSED WITH PREJUDICE** for lack of prosecution and for failure to comply with court orders.

1. Applicable Law

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Rule 41(b) also permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

2. Analysis

Defendant filed its *Motion for Summary Judgment* on October 20, 2017. Doc. 17. Plaintiff, who is proceeding *pro se*, was required to file her response, if she opposed the relief requested, by November 10, 2017, but did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Accordingly, this Court issued an order directing Plaintiff to respond to Defendant's motion no later than December 18, 2017, if she was opposed to the dismissal of this case, and further warned that Plaintiff risked dismissal of this case pursuant to Defendant's motion and/or for failure to prosecute if she did not respond. Doc. 22. That deadline has now passed, and Plaintiff still has not responded.

Moreover, Plaintiff has repeatedly failed to comply with other court orders and rules since the inception of this case. First, she did not register for CM/ECF as is required by Northern District of Texas Local Civil Rule 5.1. She again failed to register after being explicitly ordered to do so. Doc. 8. Plaintiff next failed or refused to respond to the Court's order directing her to submit a scheduling proposal. Doc. 5. She also did not respond to Defendant's discovery requests, Doc. 14 at 1-2, prompting Defendant to file a *Motion to Compel*, to which Plaintiff also did not respond. Thus, the motion was granted as unopposed. Doc. 15. Subsequently, however, Defendant's counsel advised the Court that Plaintiff did not respond to any of Defendant's discovery requests despite the Court's order requiring her to do so.

Based on the totality of circumstances, the Court can only find that Plaintiff is solely responsible for the lag in this case, as she has taken no action of record since she filed her complaint over a year ago. *Berry*, 975 F.2d at 1191. The Court additionally finds that Plaintiff's failures to follow rules of procedure and comply with court orders were willful and intentional. *Id.* In short, Plaintiff has neglected her case entirely.

Conclusion

For the foregoing reasons, this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 30, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE